UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 05 C 386 |
| | ) | |
| JOHN THOMAS VEYSEY III | ) | Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

John Veysey has moved pursuant to 28 U.S.C. § 2255 for a reduction of his lengthy sentence. Veysey was convicted of 15 counts of mail fraud, one count of wire fraud, one count of arson, and one count of committing a federal felony with fire. This court imposed consecutive sentences for these offenses. The total sentence did not exceed the statutory maximum and was consistent with the then-binding Sentencing Guidelines because, under U.S.S.G. § 2F1.1, the court employed the homicide guideline for a determination of the appropriate range. As the Seventh Circuit observed on Veysey's direct appeal, "[b]ecause Veysey's remarkable spree included murder as well as attempted murder, multiple arsons, and multiple frauds, the guideline sentence would have been life." *United States v. Veysey*, 334 F.3d 606, 602 (7th Cir. 2003).

Veysey's § 2255 petition challenges his sentence as a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He made the same argument on direct appeal, however, and the Seventh Circuit rejected it. Veysey is not entitled to raise this same issue by way of a post-conviction petition in the absence of changed circumstances, *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995), and he does not suggest any changed circumstances here. The Supreme Court's more recent decision in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005) arguably gives Veysey's argument more traction: *Booker* held that "defendants have a right to a jury trial on any disputed factual subject that increases the maximum punishment , and that the federal Sentencing Guidelines come within this

rule to the extent that their operation is mandatory." See McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005) (summarizing Booker). The Seventh Circuit concluded in McReynolds, however, that Booker's "new rule about the federal system" does not apply retroactively to cases which, like Veysey's, were finally decided before Booker's January 12, 2005 issuance. Id. at 481.

This court concludes that, until and unless the Supreme Court holds Booker applicable on collateral review, Veysey has no avenue for relief. His petition is denied.

ENTER:

Dated: October 13, 2005

REBECCA R. PALLMEYER
United States District Judge